## SAUNDERS *et al. v.* PAYNE.

*(Common Pleas of New York City and County, General Term.* February 2, 1891.)

**1. AUTHORITY OF AGENT—SALE.**

Plaintiffs delivered diamonds to defendant on his statement that he had a customer to whom he wished to show them, with a memorandum stating that the goods were for his inspection, and were to remain the property of plaintiffs until a correct invoice of those selected should be sent to him. *Held,* that, as between the parties, defendant had no authority to sell the diamonds. Distinguishing *Smith* v. *Clews,* 114 N. Y. 190, 21 N. E. Rep. 160.

**2. CONVERSION—EVIDENCE OF DEMAND.**

Plaintiff, having gone to defendant's house with a letter demanding the return of certain goods, on being told by a servant that defendant was sick and up-stairs, handed the letter to the servant, who went up-stairs, and soon after defendant's wife came down, having the letter in her hand open. *Held,* that this was sufficient proof of a demand to sustain a finding of the fact by the jury in an action for conversion of the goods.

**3. TRIAL—INSTRUCTIONS.**

An instruction to the jury, in an action for conversion, that "conversion" means "practically, in plain English, 'stealing,'" although error, is not prejudicial to the defendant.

Appeal from city court, general term.

Action by John F. Saunders, Chauncey Ives, and Albert Crouze, against William H. Payne and Frederick Steck. Defendant Payne answered the complaint, and appeals from a judgment of the general term of the city court, affirming a judgment of that court entered on the verdict of a jury, and an order denying a motion for a new trial.

Argued before ALLEN, BISCHOFF, and PRYOR, JJ.

*Jandine Lyng,* (*L. Laflin Kellogg,* of counsel,) for appellant. *Franklin Bien,* for respondents.

ALLEN, J. The action was brought to recover damages for diamonds delivered by plaintiff to defendant. Plaintiffs are importers of diamonds in the city of New York. In the month of December, 1887, defendant, Payne, called upon plaintiffs, and said he had a customer for some diamonds, and wished plaintiffs to give him some to show to his customer. Plaintiffs at that time declined to give him any, but some days afterwards delivered to defendant certain diamonds of the value of $1,148.85, on memorandum as follows: "The following goods are for your inspection and remain the property of Saunders, Ives & Co. until a correct invoice of those selected is sent to you. On return of goods, please insist on having this memorandum checked by the person who received it." (Here follows a description of the goods.) The complaint alleges the delivery, the demand, and the refusal to return. The answer denies all the material allegations of the complaint, and sets up that the defendant purchased the goods from the plaintiffs. Upon the trial the delivery of the goods and their value were admitted.

There are three points urged by the appellant as ground for reversal of the judgment which require notice. It is claimed by the appellant that the memorandum above referred to gave defendant authority to sell the goods; and the appellant refers the case of *Smith* v. *Clews,* 114 N. Y. 190, 21 N. E. Rep. 160, in support of his claim. That was an action, under the Code, of claim and delivery of personal property alleged to belong to the plaintiffs, and wrongfully withheld by the defendant. One Miers had obtained some diamonds from the plaintiffs on memorandum, which said they were delivered to him on approval to show to his customers, and sold them to the defendant Clews. The question in that case was whether the defendant Clews obtained the title to the diamonds, and that depended upon Miers' authority to sell. The court construed the contract, in the light of the evidence before it, to confer on Miers the power of sale, and placed emphasis on these facts. Plaintiffs were

dealers in diamonds. They knew Miers, and that he was engaged in the business of diamond dealer. They had on former occasions intrusted diamonds to him, and he sold them, and accounted for the proceeds of the sale, without any fault being found on account of any authority to sell. Upon these facts, and upon the memorandum, the court thought that Miers had the power to take the diamonds, show them to the customer, and, if approved of by the customer, sell them to him. It must be borne in mind, however, that that action was not between the owner of the diamonds and the person who obtained them upon memorandum, but between the owner of the diamonds and the purchaser from that person in good faith. That is not this case. This action is between the parties to the contract. It is in writing, and there is nothing vague or equivocal about it. It passed no title to the defendant, Payne, and does not import any authority to sell. As between Payne and the plaintiffs, it appears from the contract that the diamonds were received for inspection, and remained the property of Saunders, Ives & Co. until a correct invoice of those selected was sent to him. How the contract would be construed in a suit between the plaintiffs and a third party who might have purchased the diamonds and paid for them, we are not required to consider. As between the parties to this action, the contract is plain. There is no proof in the case that the diamonds were ever sold by the defendant to any one, and no proof that they ever went out of his possession. Defendants were not witnesses upon the trial, and offered no witnesses except one Nealis (who testified that he was 21 years old) to prove the custom of the trade in memorandum goods. Testimony of this character might be material in an action between plaintiffs and a purchaser of diamonds from the defendant. As this is not such a case, and there is no proof whatever that the diamonds were ever sold by the defendant, it does not seem material here. The judge left the question of the contract to the jury in a very fair charge, and we think no principle of law has been violated in this branch of the case. Appellant next urges as error that there is no proof of a sufficient demand upon the defendant. The proof on this subject is that on or about January 5, 1888, Albert Kraus, a member of plaintiffs' firm, went to the house of the defendant, Payne, with a demand in writing, and was told by his servant that Payne was sick and up-stairs; that he handed the written demand to this servant, and the servant went up-stairs, and after a while Payne's wife came down-stairs, having the letter in her hand open. This proof raises a strong presumption that the defendant received the notice, and we think the demand was sufficiently proved. At all events, the jury, on sufficient evidence, have found the fact of the demand, and their verdict is conclusive. Appellant claims error in the charge of the court. The court charged the jury as follows: "A ' conversion ' means ' wrongful taking and keeping,' not giving up again after wrongfully taking after demand has been made, but practically, in plain English, ' stealing;' that is the lay English of it." There can be no doubt that this was an improper charge. But who was prejudiced by it? Most clearly the plaintiffs; it made it more difficult for them to get a verdict from the jury. And, if the plaintiffs had been defeated in the action, and had appealed, a strong ground would be presented for reversing the judgment and awarding a new trial to them. But it seems to us that no mode of reasoning can make it appear that this part of the charge has in any way injured the defendant. The judgment and order appealed from should be affirmed, with costs. All concur.